**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Vivos Therapeutics, Inc.,

    Plaintiff,

v.

Ortho-Tain, Inc.,

    Defendant.

## COMPLAINT

Plaintiff Vivos Therapeutics, Inc. ("Vivos") brings the following Complaint against Defendant Ortho-Tain, Inc. ("Ortho-Tain" or "Defendant") due to Ortho-Tain's defamatory statements and intentional interference with Vivos's business relationships, and states as follows:

## INTRODUCTION

1. Defendant Ortho-Tain, a direct competitor of Vivos, has made and continues to make false, threatening, and defamatory statements about Vivos to Vivos's business affiliate in an apparent attempt to mitigate Defendant's recent loss of market share to Vivos.

2. Defendant's statements have interfered with Vivos's business relationship and contracts, causing Vivos harm to its reputation, loss of goodwill, and monetary damages.

3. Vivos seeks permanent injunctive relief to prevent Defendant's continued illegal defamatory statements and interference with Vivos's business relationships.

4. Vivos further seeks declaratory relief to refute Defendant's false allegations, as well as monetary damages to compensate Vivos for harm caused by Defendant.

## PARTIES

5. Plaintiff, Vivos Therapeutics, Inc., is a Wyoming corporation, with its principal place of business in Colorado.

6. Defendant, Ortho-Tain, Inc., is a Puerto Rico corporation with its principal place of business in Puerto Rico.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201–02 because Vivos seeks declaratory relief related to a federal question.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Vivos's claims occurred in Colorado.

9. This Court has personal jurisdiction over Defendant Ortho-Tain because Defendant regularly conducts business in Colorado, advertises in Colorado, has business operations in Colorado, works with affiliates in Colorado, and caused harm to Vivos in Colorado in the instant dispute.

## FACTUAL ALLEGATIONS

10. Vivos is a medical device technology company focused on the development and commercialization of innovative solutions for patients with sleep-disordered breathing, including obstructive sleep apnea. Vivos develops and markets a number of specially designed, customized and pre-formed oral appliances, which are integrated into a patient-specific, multi-disciplinary clinical protocol used by trained dental and medical providers.

11. Vivos has an ongoing business relationship and contracts with Benco Dental Supply Co. ("Benco"). As part of that business relationship, Vivos supplies Benco with Vivos products.

12. In addition, Benco provides promotional services to Vivos. Under this arrangement, Benco organizes continuing education conferences for dental professionals and hosts Vivos speakers at those conferences.

13. Defendant, Ortho-Tain, is a direct competitor of Vivos. Like Vivos, Defendant markets and sells oral appliances to be used by dental and medical providers to treat various conditions.

14. Defendant recently lost significant market share to Vivos because of Vivos's superior products.

15. In an apparent attempt to improperly monitor and interfere with Vivos's business, Defendant has engaged in acts of corporate espionage of Vivos, including sending agents to monitor Vivos presentations.

16. In the spring of 2020, Defendant and its agents sent a series of written communications to Benco regarding Vivos presentations at Benco conferences.

17. Defendant's written communications incorrectly allege that Vivos made knowingly false misrepresentations at the conferences, that Vivos attempted to "pawn off" Vivos products as Defendant products, and that Vivos interfered with Defendant's contracts with dental providers.

18. Defendant's written communications falsely allege that Vivos violated state and federal law, including the Lanham Act.

19. Defendant's written communications disparage and mischaracterize Vivos's products, professional reputation, and intellectual property.

20. The written communications improperly threaten Benco and seek to persuade Benco to end its business relationship with Vivos.

21. Upon information and belief, Defendant made similar statements to Benco in oral communications with Benco representatives.

22. Defendant made the above statements with knowledge of their falsity, and with intent to disrupt Vivos's known business relationship and contracts with Benco.

23. Defendant's statements have adversely affected and significantly damaged Vivos's business relationship with Benco and made Vivos's performance under its contracts with Benco more difficult.

24. The statements have further harmed Vivos's professional reputation and caused loss of Vivos's goodwill.

25. Vivos requires a permanent injunction preventing Defendant's defamation and continued illegal and improper interference with Vivos's relationship with Benco.

## COUNT 1

### Libel Per Se

26. Vivos realleges and incorporates all prior paragraphs of this Complaint as if alleged herein.

27. Defendant and/or its agents, at Defendant's direction, authored multiple written statements containing false and misleading information about Vivos. These false and misleading written statements include, *inter alia*:

a. false allegations that Vivos violated federal and state law, including the Lanham Act;

b. incorrect assertions that Vivos made knowingly false misrepresentations at Benco conferences, that Vivos attempted to "pawn off" Vivos products as Defendant products, and that Vivos interfered with Defendant's contracts with dental professionals;

c. improper disparagement and mischaracterizations of Vivos's products, professional reputation, and intellectual property;

d. improper threats to Benco predicated on the above statements.

28. Defendant's false and misleading statements imputed to Vivos conduct that would adversely affect Vivos's business, profession, and reputation.

29. Defendant communicated these written statements to Benco and were understood by Benco.

30. Vivos has a business relationship and contracts with Benco.

31. Defendant is aware of this relationship.

32. Defendant knew or should have known that its statements to Benco were false and/or misleading and that they imputed to Vivos conduct that would adversely affect Vivos's business, profession, and reputation.

33. Defendant's conduct has caused Vivos harm in the form of injury to Vivos's reputation, and loss of goodwill.

34. Defendant's actions have damaged Vivos in an amount to be determined at trial.

## COUNT 2

### Slander Per Se

35.     Vivos realleges and incorporates all prior paragraphs of this Complaint as if alleged herein.

36.     Upon information and belief, Defendant and/or its agents, at Defendant's direction, made oral statements containing false and misleading information about Vivos. These false and misleading statements included, *inter alia*:

   a. false allegations that Vivos violated federal and state law, including the Lanham Act;

   b. incorrect assertions that Vivos made knowingly false misrepresentations at Benco conferences, that Vivos attempted to "pawn off" Vivos products as Defendant products, and that Vivos interfered with Defendant's contracts with dental professionals;

   c. improper disparagement and mischaracterizations of Vivos's products, professional reputation, and intellectual property;

   d. improper threats to Benco predicated on the above statements.

37.     Defendant's false and misleading oral statements imputed to Vivos conduct that would adversely affect Vivos's business, profession, and reputation.

38.     Defendant communicated these statements to Benco and were understood by Benco.

39.     Vivos has a business relationship and contracts with Benco.

40.     Defendant is aware of this relationship.

6

41. Defendant knew or should have known that its statements to Benco were false and/or misleading and that they imputed to Vivos conduct that would adversely affect Vivos's business, profession, and reputation.

42. Defendant's conduct has caused Vivos harm in the form of injury to Vivos's reputation, and loss of goodwill.

43. Defendant's actions have damaged Vivos in an amount to be determined at trial

## COUNT 3

### Intentional Interference with Contract/Business Relations

44. Vivos realleges and incorporates all prior paragraphs as if alleged herein.

45. Vivos has an existing business relationship and contracts with Benco.

46. Defendant knew that Vivos has contracts and business relations contracts Benco.

47. Defendant intentionally interfered with Vivos's business relationship and contracts with Benco by repeatedly communicating to Benco false, misleading, and disparaging allegations about Vivos and by making threats against Benco on the basis of these allegations.

48. Defendant's interference was improper because it was based on false, misleading, and threatening statements and motivated by a desire to punish Vivos for its recent success in the industry.

49. Defendant's actions have made Vivos's performance under its contracts with Benco more difficult.

50. Defendant's interference has caused Vivos loss of goodwill with Benco and harm to Vivos's reputation.

51. Defendant's interference has damaged Vivos in an amount to be determined at trial.

## COUNT 4

### Declaratory Judgment

52. Vivos realleges and incorporates all prior paragraphs of the Complaint as if alleged herein.

53. Vivos did not make false or misleading statements of fact about Defendant or its products at Benco conferences.

54. Vivos's statements were not used in a commercial advertisement or promotion, within the meaning on the Lanham Act.

55. Statements that Vivos made at Benco conferences did not deceive and were not likely to deceive attendees in a material way.

56. Vivos's statements were not made in interstate commerce.

57. Vivos's statements did not cause and were not likely to cause competitive or commercial injury to Defendant.

58. Vivos seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Vivos did not violate the Lanham Act through its acts at Benco conferences, as Defendant falsely alleges.

59. A declaration that Vivos did not violate the Lanham Act at the Benco conferences will put to rest Defendant's false allegations and threats to Vivos and others, including Benco.

### PRAYER FOR RELIEF

WHEREFORE, Vivos demands judgment as follows:

   A. For an order enjoining Defendant from continuing to defame Vivos;

B. For an order enjoining Defendant from further interfering with Vivos's business relationship and contracts with Benco;

C. For an order finding in favor of Vivos on all counts asserted herein;

D. For an order declaring that Vivos did not violate the Lanham Act as alleged by Defendant;

E. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

F. For an order awarding Vivos its reasonable attorneys' fees and expenses and costs of suit;

G. For pre- and post-judgment interest on all amounts awarded; and

H. For any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 5, 2020.

        Respectfully submitted,

        */s/ Michael A. Gehret*
        Michael A. Gehret
        Armstrong Teasdale LLP
        257 East 200 South, Suite 350
        Salt Lake City, UT 84111
        Telephone: 801.638.8945
        Facsimile: 720.200.0679
        mgehret@atllp.com

        Alec P. Harris, CO Bar. No. 47547
        Armstrong Teasdale LLP
        4643 South Ulster Street, Suite 800
        Denver, CO 80237
        Telephone: 720.200.0676
        Facsimile: 720.200.0679
        aharris@armstrongteasdale.com

        *Attorneys for Plaintiff Vivos Therapeutics, Inc.*