**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 20-cv-1634-WJM-SKC

VIVOS THERAPEUTICS, INC.,

      Plaintiff,

v.

ORTHO-TAIN, INC.,

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Ortho-Tain, Inc.'s ("Ortho-Tain")
Motion to Dismiss Plaintiff Vivos Therapeutics, Inc.'s ("Vivos") First Amended Complaint
("Motion") (ECF No. 45).  For the following reasons, the Motion is denied.

### I. BACKGROUND

The following facts are taken from Vivos's Amended Complaint ("AC") and are
assumed true for the purpose of resolving the Motion.  *See Ridge at Red Hawk, L.L.C.
v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

This action arises out of Ortho-Tain's alleged interference with Vivos's
relationships with its clients.  (ECF No. 40.)  Vivos and Ortho-Tain are both
manufacturers of dental equipment which market their products to dentists and dental
offices.  (*Id.* ¶¶ 1–3.)

In the Spring of 2020, Ortho-Tain's Chief Executive Officer ("CEO") contacted
Vivos's affiliate, Benco.  (*Id.* ¶¶ 21–24.)  Ortho-Tain stated that Benco was displaying

Ortho-Tain marketing materials in a Vivos-sponsored course in violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* (*Id.* ¶¶ 22–26.)

Vivos filed its initial Complaint on June 5, 2020, asserting claims for libel, slander, intentional interference with contractual relations, and declaratory judgment on Ortho-Tain's assertions of Lanham Act violations. (ECF No. 1.) Ortho-Tain filed a Motion to Dismiss in response. (ECF No. 9.)

On February 2, 2021, the Court reviewed the Complaint *sua sponte* and dismissed it without prejudice for failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 39.) The Court denied the Motion to Dismiss as moot and granted Vivos leave to amend its Complaint. (*Id.*)

Vivos filed its AC on February 12, 2021, which is the operative complaint. (ECF No. 40.) Vivos asserts six claims: (1) false advertising in violation of the Lanham Act; (2) violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. §§ 6-1-101, *et seq.*; (3) libel *per se*; (4) slander *per se*; (5) intentional interference with contractual relations; and (6) declaratory judgment that Vivos did not violate the Lanham Act as Ortho-Tain allegedly communicated to Benco. (*Id.* ¶¶ 45–128.) Vivos's Lanham Act and CCPA claims are based on allegations that in late 2020—after the filing of the initial Complaint—Ortho-Tain began sending advertisements to Vivos's dentist clients, asserting that Vivos's brand was inferior to Ortho-Tain's brand. (*Id.* ¶¶ 45–78.)

Ortho-Tain filed its Motion on February 26, 2021, seeking dismissal of the AC in its entirety pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 45.) Vivos responded on March 19, 2021, and Ortho-Tain replied on April 2, 2021. (ECF Nos. 52 & 56.)

Case 1:20-cv-01634-WJM-SKC   Document 58   Filed 09/03/21   USDC Colorado   Page 3 of 10


## II. LEGAL STANDARD

### A.    Rule 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

### B.    Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect

the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir.

2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts is improbable, and that a

recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Ortho-Tain seeks dismissal of the AC on several grounds.  Namely, Ortho-Tain

asserts that Vivos fails to state a claim for relief because it did not obtain leave to

amend to assert its Lanham Act and CCPA claims pursuant to Federal Rule of Civil

Procedure 15, that Ortho-Tain's statements are shielded by an absolute litigation

privilege, and that the Court lacks jurisdiction over Vivos's declaratory judgment claim.

(ECF No. 45.)  Ortho-Tain further contends that the Court should dismiss the AC for

failure to comply with Federal Rules of Civil Procedure 8 and 10.  (*Id.*)

**A.    Rule 15 Amendment**

Ortho-Tain contends that Vivos impermissibly brought two additional claims—the

Lanham Act and CCPA claims—when given leave to amend.  (*Id.* at 3–7.)  Due to the

additional claims, which are based on certain conduct after the filing of the initial

Complaint, Ortho-Tain argues that the AC constitutes an unauthorized supplemental

filing.  (*Id.*)  Ortho-Tain distinguishes between leave to amend pursuant to Rule 15(a)

and 15(d), asserting that Vivos was required to specifically seek leave to file such

pleading pursuant to Rule 15(d).  (*Id.* at 3–5.)

When it dismissed the Complaint *sua sponte*, the Court granted Vivos leave to

amend to cure pleading deficiencies but did not specify whether leave was granted

pursuant to Rule 15(a) or 15(d).  (ECF No. 39.)  Further, Ortho-Tain's only case law

from this District involves situations where plaintiffs filed amended pleadings without first obtaining any leave from the court to do so, and sometimes added numerous additional defendants and unrelated claims. *See O'Connor v. Lafayette City Council*, 2020 WL 5203792, at *3 (D. Colo. Sept. 1, 2020) (striking amended complaint where court granted plaintiff leave to file only one amended complaint and plaintiff filed two additional amendments without leave); *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying leave to file supplemental pleading where court had already denied numerous motions to amend to include certain events unrelated to the action); *Lystn, LLC v. Food & Drug Admin.*, 2019 WL 6038072, at *2 (D. Colo. Nov. 14, 2019) (denying motion for preliminary injunction based on requested relief unrelated to underlying complaint and acknowledging that plaintiff did not avail itself of liberal pleading rules nor filed a motion under Rule 15(d)). This authority is distinguishable in that the Court here did specifically grant Vivos leave to file an amended complaint; thus, Vivos did not unilaterally file an amended pleading unrelated to the initial complaint and without permission.

The Court is not convinced that the AC constitutes an unauthorized supplemental filing, as the Court granted leave to amend and did not limit the claims and conduct Vivos was permitted to include. (ECF No. 39.) Moreover, the new claims and allegations remain closely tied to the basis for the initial Complaint, namely, Ortho-Tain's alleged contact with and statements to Vivos's business affiliates. (ECF Nos. 1 & 40.) The Court therefore denies the Motion to the extent it seeks dismissal of the AC based on Rule 15.

B.     **Litigation Privilege**

Ortho-Tain asserts that its statements to Benco[1] are subject to an absolute

privilege given that they were made during or in anticipation of litigation.  (ECF No. 45.)

Thus, it argues, its statements do not give rise to liability for defamation or interference

with contractual relations.  (*Id.*)

Vivos asserts that the litigation privilege is not absolute as to statements made

prior to litigation and does not shield non-attorney parties, such as Ortho-Tain's CEO.

(ECF No. 52 at 5–9.)  Vivos further argues that even Ortho-Tain's attorney's statements

were not privileged because they were not necessarily made in anticipation of litigation.

(*Id.* at 6–9.)

Colorado has adopted the Restatement of Torts, which provides that an attorney

is absolutely privileged to publish defamatory matter "in communications preliminary to

a proposed judicial proceeding, or in the institution of, or during the course and as part

of, a judicial proceeding in which he participates as counsel."  Restatement (Second) of

Torts § 586.  However, "it is an attorney, not the represented party, who enjoys an

absolute privilege for statements made that are related to pending litigation."

*ClearCapital.com, Inc. v. Computershare, Inc.*, 2019 WL 1573300, at *4 (D. Colo. Apr.

11, 2019).  Courts allow claims based on defamatory remarks made by CEOs to

proceed.  *See id.* at *1.

As Magistrate Judge S. Kato Crews recognized in his order denying a stay of

discovery, Ortho-Tain does not cite Colorado law suggesting that *litigants* are protected

---

[1] Specifically, Vivos alleges that Ortho-Tain contacted Benco based on its belief that a Benco-sponsored Vivos course had displayed Ortho-Tain's marketing materials in violation of the Lanham Act.  (ECF No. 40 ¶¶ 20–26.)

from liability for pre-litigation defamatory statements.  (ECF No. 48.)  Accordingly, and given that Ortho-Tain cites no Colorado authority holding that the privilege shields non-attorney parties, the Court concludes that the statements by Ortho-Tain's CEO were not privileged.

Additionally, when defamatory statements are made prior to litigation, the litigation privilege is qualified even as to attorneys.  Namely, the privilege

> applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration.    The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.

Restatement (Second) of Torts § 586, Cmt. E.

Ortho-Tain relies on two cases based on Massachusetts and Oklahoma law—and it fails to cite any Colorado law supporting its argument that pre-litigation statements by litigants or their attorneys are absolutely privileged.  (*See generally* ECF No. 45; *see also Sriberg v. Raymond*, 544 F.2d 15, 16 (1st Cir. 1976); *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 335 F.3d 1161, 1166 (10th Cir. 2003).)  Ortho-Tain then devotes its reply to recounting its own version of the relevant facts and essentially asks the Court to determine whether the contents of the correspondence with Benco's counsel was defamatory by extensively quoting the communications. (ECF No. 56 at 1–7.)

Given that this action is at the pleading stage, and that the Court must construe the allegations in the light most favorable to Vivos, the Court declines to delve into the factfinding endeavor of whether Ortho-Tain's counsel made these communications in

good faith contemplation of litigation.[2]  Notably, Ortho-Tain does not cite any Colorado

law suggesting that an absolute privilege shields attorneys' pre-litigation defamatory

statements.  Finding that Ortho-Tain has failed to set forth a convincing basis for

dismissal on this ground, the Motion is denied to the extent it seeks dismissal of the

defamation and intentional interference with contractual relations claims based on

litigation privilege.

## C.    Declaratory Judgment

Ortho-Tain argues that the Court lacks jurisdiction over Vivos's declaratory

judgment claim because Ortho-Tain has filed a pending action in Illinois state court; it

asserts that the declaratory judgment claim in this case constitutes an anticipatory filing

seeking a determination of liability prior to the resolution of the Illinois action.  (ECF No.

45 at 15.)

Vivos argues that Courts routinely permit declaratory judgment claims seeking to

disprove alleged Lanham Act violations.  (ECF No. 56 at 9–10; *see also Amazon.com,*

*Inc. v. Nat'l Ass'n of College Stores, Inc.*, 826 F. Supp. 2d 1242, 1248–51 (W.D. Wash.

2011); *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc.*,

523 F. Supp. 2d 376, 377 (S.D.N.Y. 2007).)  Vivos contends that Ortho-Tain relies

solely on a single out-of-circuit case dismissing a negligence action which it determined

to be an anticipatory filing meant to establish liability prior to the resolution of another

---

[2] Even at the summary judgment stage, courts have opted not to grant the qualified privilege as to pre-litigation conduct.  *See, e.g.*, *Laffer v. Levinson, Miller, Jacobs & Phillips*, 40 Cal. Rptr. 2d 233, 238 (Cal. App. 1995) (denying summary judgment on defamation claim based on pre-litigation conduct because issues of fact existed as to defendants' "good faith serious contemplation of future litigation").

action.  (ECF No. 56 at 9; *see also Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167–68 (7th Cir. 1969).)

As Vivos notes, courts have allowed similar actions to proceed and have not dismissed those actions on the basis that those suits constituted anticipatory filings. *See Amazon.com*, 826 F. Supp. 2d at 1248–51; *Russian Standard Vodka*, 523 F. Supp. 2d at 377.  Ortho-Tain's single case supporting a contrary result does not involve the same area of law and is not binding in this Circuit or on this Court.[3]  *See Cunningham Bros.*, 407 F.2d at 1167–68.  Accordingly, the Court will deny the Motion to the extent that it seeks dismissal of the declaratory judgment claim.

## D.      Remaining Bases for Dismissal

Finally, Ortho-Tain contends that the AC violates Rule 8 because it fails to set forth the basis for relief with sufficient specificity and violates Rule 10 because it is a "shotgun pleading."  (ECF No. 45.)  Ortho-Tain asserts in two sentences that the AC "fails to provide sufficient factual detail, the *who, what, when, where* and *how* as necessary to satisfy Rule 8."  (*Id.* at 15 (emphasis in original).)  Ortho-Tain further asserts that the AC violates Rule 10 because each claim realleges and incorporates by reference the preceding paragraphs.[4]  (*Id.* at 7–9.)

The Court is unconvinced by Ortho-Tain's conclusory assertion that the AC violates Rule 8, and Ortho-Tain fails to set forth in a detailed manner how the AC is unclear.  The Court is dubious of Ortho-Tain's contention that it was not on notice of the

---

[3] Notably, Ortho-Tain fails to even address this argument in its reply.  (*See generally* ECF No. 56.)
[4] Specifically, Ortho-Tain contends that "by the time the reader gets to Count 6 the purported claim incorporates all 118 paragraphs of the Complaint that preceded it, thereby amounting to an amalgamation of all counts in the [C]omplaint."  (ECF No. 45 at 7.)

basis for Vivos's claims against it prior to the filing of the AC, and finds that dismissal is not warranted on this basis.[5]  Further, Ortho-Tain fails to provide authority holding that the mere incorporation of prior allegations renders the AC a shotgun pleading, nor does it set forth in any level of detail how this relatively common pleading addition caused the AC to become incomprehensible.  The Motion is therefore denied to the extent it seeks dismissal of the AC under of Rule 8 and Rule 10.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Ortho-Tain's Motion (ECF No. 45) is DENIED;

2.  The stay of discovery (ECF No. 55) is LIFTED; and

3.  No later than **September 8, 2021**, the parties shall contact the chambers of Magistrate Judge S. Kato Crews to schedule a Status Conference or such other proceeding as Judge Crews deems appropriate to move this litigation forward.

Dated this 3rd day of September, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

---

[5] To the extent that Ortho-Tain suggests that the increased length of the AC suggests violation of Rule 8 (ECF No. 45 at 1), the Court ordered Vivos to amend to set forth specific factual bases for each Count, which necessarily resulted in the increased length.  (ECF No. 39.)